# In the United States Court of Federal Claims

No. 21-1080C
(Filed: July 9, 2021)

```
*************************************
EDWARD MCLARNON,                    *
                                    *
        Plaintiff,                  *
                                    *    Pro Se Plaintiff; Subject Matter
v.                                  *    Jurisdiction; RCFC 12(b)(1); RCFC
                                    *    12(h)(3); Proper Defendant
THE UNITED STATES,                  *
                                    *
        Defendant.                  *
*************************************
```

Edward McLarnon, Oakdale, LA, pro se.

Michael Austin, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Senior Judge

     Plaintiff Edward McLarnon, proceeding pro se in this matter, alleges that federal law enforcement authorities violated their contractual obligations and his due process rights during the pendency of a criminal case against him, as well as during his subsequent imprisonment. Mr. McLarnon seeks monetary damages and various other forms of relief. Defendant moves to dismiss the complaint for lack of subject matter jurisdiction. As explained below, the court lacks jurisdiction to consider Mr. McLarnon's claims. Thus, the court grants defendant's motion and dismisses Mr. McLarnon's complaint.

### I. BACKGROUND

     Mr. McLarnon, who is currently incarcerated at a federal correctional institution in Louisiana, filed his complaint on March 15, 2021. Compl. 5. He names a long list of defendants that, in addition to the United States, includes judges, federal prosecutors, Federal Bureau of Investigation agents, court-appointed defense attorneys, court reporters, and other professionals who contribute to the justice system. Id. at 1-4. Mr. McLarnon raises several claims, all of which stem from his criminal prosecution, conviction, and imprisonment. Id. at 31-68 (documenting alleged "violations regarding due process"), 68-70 (describing alleged contractual obligations between Mr. McLarnon and the defendants).

     On May 14, 2021, defendant filed a motion to dismiss Mr. McLarnon's complaint for lack of jurisdiction. Mr. McLarnon then filed a response to the motion, along with a motion for

summary judgment.[1]  The court stayed briefing on Mr. McLarnon's motion until it could resolve the question of whether it has jurisdiction over his claims.  The motion to dismiss has now been fully briefed and the court deems oral argument unnecessary.

## II. LEGAL STANDARDS

### A. Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citation omitted).  However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements."  Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").  In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of evidence, that the court possesses jurisdiction.  See Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

### B. Subject Matter Jurisdiction

Whether the court possesses jurisdiction to decide the merits of a case is a "threshold matter."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).  Subject matter jurisdiction cannot be waived or forfeited because it "involves a court's power to hear a case."  United States v. Cotton, 535 U.S. 625, 630 (2002).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868).  Therefore, it is "an inflexible threshold matter that must be considered before proceeding to evaluate the merits of a case."  Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); accord K-Con Bldg. Sys., Inc. v. United States, 778 F.3d 1000, 1004-05 (Fed. Cir. 2015).  Either party, or the court sua sponte, may challenge the court's subject matter jurisdiction at any time.  Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); see also Jeun v. United States, 128 Fed. Cl. 203, 209-10 (2016) (collecting cases).

In determining whether subject matter jurisdiction exists, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  If the court finds that it lacks subject matter jurisdiction over a claim, Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") requires the court to dismiss that claim.

---

[1] Mr. McLarnon also filed an application to proceed in forma pauperis.  However, because he subsequently paid the filing fee, the court denies that application as moot.

-2-

## C. The Tucker Act

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "may not be inferred, but must be unequivocally expressed." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (internal quotation marks omitted).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1); White Mountain, 537 U.S. at 472. However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States." James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998).

## III. DISCUSSION

Under a liberal construction of his pro se complaint, Mr. McLarnon's allegations all arise from criminal proceedings adjudicated in other courts.[2] Because the Court of Federal Claims clearly lacks jurisdiction over these matters, Mr. McLarnon's complaint must be dismissed.

---

[2] Although the crux of Mr. McLarnon's complaint deals with criminal proceedings, he styles his complaint as an "Original Bill In Equity For Specific Performance For Breach of Contract." Compl. 1. The court notes that, assuming Mr. McLarnon intends to assert a breach of contract claim against the United States, specific performance is not an available remedy. See United States v. King, 395 U.S. 1, 4 (1969) (noting that "cases seeking relief other than money damages from the Court of Claims have never been 'within its jurisdiction'"); Glidden Co. v. Zdanok, 370 U.S. 530, 557 (1962) (Harlan, J., plurality opinion) ("From the beginning [the Court of Claims] has been given jurisdiction only to award damages, not specific relief."); United States v. Jones, 131 U.S. 1, 14-19 (1889) (holding that the Tucker Act does not authorize suits "for equitable relief by specific performance"); Massie v. United States, 226 F.3d 1318, 1321-22 (Fed. Cir. 2000) (noting that the Court of Federal Claims lacks the ability to award specific performance); Nat'l Ctr. for Mfg. Scis. v. United States, 114 F.3d 196, 198 (Fed. Cir. 1997) ("The fourth count requests specific performance of the Cooperative Agreement . . . , a remedy the Court of Federal Claims is not empowered to grant."); Kanemoto v. Reno, 41 F.3d 641, 644-45 (Fed. Cir. 1994) ("The remedies available in [the Court of Federal Claims] extend only to those affording monetary relief; the court cannot entertain claims for injunctive relief or specific performance, except in narrowly defined, statutorily provided circumstances . . . ."); Wood v. United States, 961 F.2d 195, 199 (Fed. Cir. 1992) ("[R]emedies beyond damages, such as specific performance, are not available [in the Claims Court] . . . .").

### A. The Court of Federal Claims Lacks Jurisdiction to Review the Decisions of State or Federal Courts

As an initial matter, the Court of Federal Claims is not an appellate tribunal—it "does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals." Mora v. United States, 118 Fed. Cl. 713, 716 (2014); accord Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). Mr. McLarnon's only recourse in the wake of these decisions was to pursue the appellate remedies available to him; his current attempts to collaterally attack these judgments, circumventing the normal appellate process, are not permitted. Thus, this court has no jurisdiction to review the court decisions that Mr. McLarnon asks it to reverse.

### B. The Court of Federal Claims Lacks Jurisdiction Over Criminal Matters

Moreover, the Court of Federal Claims has no jurisdiction over violations of the criminal code. Harris v. United States, 868 F.3d 1376, 1381 (Fed. Cir. 2017) (per curiam) (citing Sanders v. United States, 252 F.3d 1329, 1333 (Fed. Cir. 2001)); Hufford v. United States, 85 Fed. Cl. 607, 608 (2009). The federal criminal code, laid out in title 18 of the United States Code, falls squarely into this category. Accord Kurt v. United States, 103 Fed. Cl. 384, 388 (2012). Thus, even if the court could exercise jurisdiction over decisions of other courts, it would still lack jurisdiction to consider alleged violations of the criminal code. Similarly, while Mr. McLarnon asserts that the criminal justice system has violated his due process rights, binding precedent has long confirmed this court's lack of jurisdiction over due process injuries. Accord LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (emphasizing that the Due Process Clauses of the Fifth and Fourteenth Amendments are not money-mandating).

### C. The United States Is the Only Proper Defendant in the Court of Federal Claims

Finally, Mr. McLarnon's complaint includes a long list of individuals who, he asserts, contributed to his allegedly improper treatment. However, in the Court of Federal Claims, "the only proper defendant . . . is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003); accord RCFC 10(a). "[O]ther government agencies and officials . . . are not proper defendants in [the Court of Federal Claims.]" Gulley v. United States, 150 Fed. Cl. 405, 412 (2020). In other words, "if the relief sought [in the Court of Federal Claims] is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." Sherwood, 312 U.S. at 588. Accordingly, to the extent that Mr. McLarnon complains of improper conduct by parties other than the United States federal government, this court lacks jurisdiction over those claims, and they must be dismissed.

### V. CONCLUSION

The Court of Federal Claims lacks jurisdiction over decisions of state or federal courts,

claims involving criminal matters, and claims against defendants other than the United States. Therefore, the court has no jurisdiction to consider any aspect of Mr. McLarnon's complaint.

Accordingly, the court orders as follows:

- Mr. McLarnon's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

- Because the court lacks subject matter jurisdiction over this matter, Mr. McLarnon's motion for summary judgment is **DENIED AS MOOT**.

- Because Mr. McLarnon has paid his filing fee, his application to proceed in forma pauperis is **DENIED AS MOOT**.

No costs. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
MARGARET M. SWEENEY
Senior Judge