# In the United States Court of Federal Claims

No. 21-1080C
(Filed:  December 2, 2021)

```
*************************************
EDWARD MCLARNON,                    *
                                    *
            Plaintiff,              *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
*************************************
```

Pro Se Plaintiff; Motion to Reopen Time for Appeal, Fed. R. App. P. 4(a)(6); Prison Mailbox Rule

Edward McLarnon, Oakdale, LA, pro se.

Michael Austin, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Senior Judge

Plaintiff Edward McLarnon, a prisoner in a federal corrections facility proceeding pro se, moves to reopen the time for appeal of the court's judgment dismissing his claims for lack of jurisdiction pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure ("Fed. R. App. P."). The court entered judgment dismissing Mr. McLarnon's suit on July 9, 2021, and his motion to reopen time for appeal was filed on the court's docket on October 27, 2021. For the reasons set forth below, Mr. McLarnon's motion to reopen time for appeal must be denied.

## I. PROCEDURAL BACKGROUND

Because the issue before the court is procedural in nature, background information regarding Mr. McLarnon's claims is not provided here but may be obtained from two prior opinions filed in this case. See McLarnon v. United States ("McLarnon II"), No. 21-1080C, 2021 WL 5231986 (Fed. Cl. Nov. 10, 2021); McLarnon v. United States ("McLarnon I"), 154 Fed. Cl. 459 (2021).

The court's McLarnon I opinion and the judgment dismissing Mr. McLarnon's suit were issued and served on July 9, 2021. This calendar date triggered two filing deadlines of note: (1) any motion for reconsideration under Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC") was due by August 6, 2021; (2) any notice of appeal under Fed. R. App. P. 4(a)(1) was due by September 7, 2021. Mr. McLarnon asserts that he placed a motion for an enlargement of the deadline for his RCFC 59 motion in the prison's mail system on

August 3, 2021.[1]  This motion was received by the court on August 9, 2021, and was granted on August 10, 2021.  The revised deadline set by the court for filing an RCFC 59 motion was August 27, 2021.

Mr. McLarnon asserts that he placed his RCFC 59 motion in the prison mail system on August 23, 2021.  His motion was received by the court on August 30, 2021, and filed by the court's leave on August 31, 2021.  The court deemed the motion for reconsideration to be untimely, but considered it as if it were timely filed.  McLarnon II, 2021 WL 5231986, at *2 & n.2.  It then denied the motion on November 10, 2021.

According to Mr. McLarnon, he placed a notice of appeal, and an accompanying motion to reopen time for appeal, in the prison's mail system on October 19, 2021.  These documents were received by the court on October 27, 2021, and were filed the same day.  The court did not require defendant to file a response to Mr. McLarnon's motion to reopen time for appeal, and oral argument is similarly unnecessary.

## II.  DISCUSSION

Because Mr. McLarnon's notice of appeal was not filed on or before the deadline of September 7, 2021, he must satisfy the criteria in Fed. R. App. P. 4(a) to proceed with an appeal of this court's judgment.  See RCFC 77(d)(2) ("Lack of notice of the entry [of judgment] does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a).").  As is relevant here, Fed. R. App. P. 4(a) provides two avenues of potential assistance to Mr. McLarnon.  First, if he timely filed his motion for reconsideration, the appeal period would not have begun to run until that motion was decided by this court, which in this case was on November 10, 2021.  Fed. R. App. P. 4(a)(4).  Second, the September 7, 2021 notice of appeal deadline could be reopened by the court if Mr. McLarnon filed his motion to reopen time for appeal within fourteen days of his receipt of service of the judgment.  Fed. R. App. P. 4(a)(6)(B).  As explained below, neither rule is of assistance to Mr. McLarnon.

As a threshold matter, Mr. McLarnon invokes the prison mailbox rule, which has two applications to the procedural facts recounted here.  Most formally, pursuant to Fed. R. App. P. 4(c)(1), a prisoner may be considered to have filed a notice of appeal with the trial court on the date such notice is deposited in the prison's mail system.  The court finds, pursuant to Fed. R. App. P. 4(c)(1), that Mr. McLarnon's notice of appeal should be deemed to have been filed on October 19, 2021, when he deposited the notice in the prison's mail system.

Another application of the prison mailbox rule is not enshrined in court rules but in precedent.  A prisoner's motion for reconsideration should also be deemed, in appropriate

---

[1]  For the purposes of considering Mr. McLarnon's motion, the court assumes without deciding that his factual representations are accurate.

circumstances, to have been filed on the date of delivery to the prison's mail system.[2]  See Bernaugh v. United States, 168 F.3d 1319 (Fed. Cir. 1998) (table) (stating that "a prisoner's submission may be deemed filed with the court when it has passed into the control of the prison officials" (citing Houston v. Lack, 487 U.S. 266, 272 (1988))); accord Sharpe v. United States, 111 Fed. Cl. 334, 337 (2013).  Thus, pursuant to the prison mailbox rule, Mr. McLarnon's motion for reconsideration is deemed to have been filed on August 23, 2021.

### A. The Untimely Motion for Reconsideration Did Not Toll the Appeal Deadline

A motion for reconsideration "must be filed no later than 28 days after the entry of judgment," RCFC 59(b)(1), and the deadline for filing such a motion may not be enlarged by the court, RCFC 6(b)(2); see also Progressive Indus., Inc. v. United States, 888 F.3d 1248, 1255 (Fed. Cir. 2018) (confirming that this court lacks the authority to enlarge the deadline for the filing of a motion for reconsideration).  If a motion for reconsideration is filed more than twenty-eight days after judgment was entered, it is untimely and will not toll the deadline for filing a notice of appeal.  See Fed. R. App. P. 4(a)(4) (tolling the notice of appeal deadline where motions for reconsideration are "filed within the time allowed"); accord Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 269 (1978) (noting that Fed. R. App. P. 4(a) requires that a [Rule 59] motion be timely if it is to toll the time for appeal"); Westine v. United States, 263 F. App'x 879, 880 (Fed. Cir. 2008); Batiste v. United States, 38 F. App'x 586, 587 (Fed. Cir. 2002).  Because Mr. McLarnon's motion for reconsideration was filed on August 23, 2021, not on or before August 6, 2021, it was untimely and did not toll his deadline for filing a notice of appeal.[3]

The court has also considered whether Mr. McLarnon's motion for an enlargement of the filing deadline for his motion for reconsideration could satisfy the timeliness requirement for

---

[2]  The United States Court of Appeals for the Third Circuit ("Third Circuit") has adopted an additional rule:  "[A] prison's actual delay or interference in the delivery of a final order of the district court is excluded from the calculation of the timeliness of motions for reconsideration under Federal Rule of Civil Procedure 59 or 60 filed by pro se inmates."  United States v. Fiorelli, 337 F.3d 282, 289-90 (3d Cir. 2003).  The Third Circuit's "reverse-mailbox" rule has not been adopted by the United States Court of Appeals for the Federal Circuit ("Federal Circuit") and appears to express a minority view as to the timeliness of Rule 59 motions filed by prisoners.  See Catherine T. Struve, The Federal Rules of Inmate Appeals, 50 Ariz. St. L.J. 247, 280-89 & nn.212-18 (2018) ("So far, the Third Circuit's approach [to excusing late filings based on a prison's delayed delivery of a court's judgment] seems to have gained little traction in other circuits.").  The court does not find the Third Circuit's approach to be in accord with Federal Circuit precedent or to be persuasive.  Thus, the court will not apply it to the facts of this case.

[3]  Because Mr. McLarnon's motion to enlarge the deadline for the filing of his motion for reconsideration was not received by the court until August 9, 2021, the court's order of August 10, 2021, erroneously granting the motion, see RCFC 6(b)(2); Progressive Indus., 888 F.3d at 1255, could not have misled Mr. McLarnon into missing the August 6, 2021 deadline because by that time the deadline had already passed.

RCFC 59 motions that will toll appeal deadlines, as set forth in Fed. R. App. P. 4(a)(4).  The United States Court of Appeals for the District of Columbia Circuit has sanctioned such an approach, allowing the prisoner's enlargement motion, with its reference to the grounds for reconsideration, to be deemed the actual motion for reconsideration, and the later-filed motion for reconsideration to be deemed a memorandum in support of the motion for reconsideration.  See Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 582-83 (D.C. Cir. 2002) (characterizing a "Motion Requesting an Enlargement of Time to File a Motion and Brief for Reconsideration" as a motion for relief from judgment, and a later-filed motion for reconsideration that was untimely under a strict application of court rules as a "memorandum in support" of the motion for relief from judgment).  But the Federal Circuit has not adopted this particular approach to excusing the late filing of RCFC 59 motions, and the court declines to break new ground in this regard.  Under the precedent of Browder, 434 U.S. at 269, Mr. McLarnon's motion for reconsideration was untimely and it cannot toll his deadline for filing an appeal.

### B. The Motion to Reopen Time for Appeal Was Filed More Than Fourteen Days After Notice of Judgment Had Been Received and Cannot Be Granted

For this court to reopen an appeal period under Fed. R. App. P. 4(a)(6), the motion to reopen must be filed within fourteen days of receipt of service of the court's judgment.  See Fed. R. App. P. 4(a)(6)(B) (allowing reopening only if "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry [of the judgment], whichever is earlier" (emphasis added)); see also 28 U.S.C. § 2107(c) (same).  Mr. McLarnon does not state with any specificity when he received service of the court's judgment of July 9, 2021.  See Pl.'s Mot. 1 (stating that he "hereby attests that the last Judgment he received was the court's Judgment of 7/27/21").  The judgment notice could not have been received by Mr. McLarnon any later than August 3, 2021, however, since that is the date that he deposited with the prison's mail system his motion to enlarge the deadline for filing a motion for reconsideration of the court's judgment.  Pl.'s Mot. to Enlarge 2.  His enlargement request specifically mentioned "this Court's Order of July 9, 2021."  Id. at 1.

Thus, any motion to reopen the time for appeal needed to be filed within fourteen days of August 3, 2021, the latest possible date that notice of the judgment was received by Mr. McLarnon.  In other words, his deadline for filing the motion was August 17, 2021, if not earlier.  As noted above, the court deems Mr. McLarnon's motion to reopen time for appeal to have been filed on October 19, 2021, pursuant to the prison mailbox rule.  Therefore, he filed his motion at least sixty-three days after the deadline set by Fed. R. App. P. 4(a)(6)(B).  Because Mr. McLarnon's motion to reopen time for appeal was untimely filed, it cannot be granted.  See, e.g., Bowles v. Russell, 551 U.S. 205, 209-13 (2007) (holding that the time limits set forth in Fed. R. App. P. 4(a)(6) are jurisdictional); accord D'Angelo v. United States, No. 19-2091, 2021 WL 4955612, at *1 (1st Cir. May 10, 2021) (holding that the statutory time limits set by Fed. R. App. P. 4(a)(6)(B) are jurisdictional and not subject to equitable exceptions); Baker v. United States, 670 F.3d 448, 456 (3d Cir. 2012) ("[T]here is no doubt after Bowles that those rules listed in 28 U.S.C. § 2107, which are also embodied in Appellate Rules 4(a)(1) and 4(a)(6), are

jurisdictional, and are not subject to equitable modification.").[4]

## III.  CONCLUSION

For the reasons stated herein, Mr. McLarnon's motion to reopen time for appeal is **DENIED**.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Senior Judge

---

[4]  The United States Supreme Court in <u>Bowles</u> also held that a misleading order issued by the trial court could not rehabilitate an untimely notice of appeal.  <u>See</u> 551 U.S. at 206-07 ("[W]e hold that petitioner's untimely notice [of appeal]—even though filed in reliance upon a District Court's order—deprived the Court of Appeals of jurisdiction.").  Thus, even if Mr. McLarnon was misled by the court's erroneous enlargement of the filing deadline for his Rule 59 motion, the court cannot reopen the time for appeal here because the time limits of Fed. R. App. P. 4(a) are strictly construed.  <u>See</u> <u>id.</u>; <u>accord</u> <u>Marandola v. United States</u>, 518 F.3d 913, 914 (Fed. Cir. 2008) ("An untimely appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and is not subject to equitable tolling." (citing <u>Bowles</u>, 551 U.S. at 214)); <u>Int'l Rectifier Corp. v. IXYS Corp.</u>, 515 F.3d 1353, 1358 (Fed. Cir. 2008) (noting that the holding in <u>Bowles</u> requires a "strict application" of Fed. R. App. P. 4).